UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Roger F. Stascak and
Tammy J. Stascak,
        Debtors.

Chapter 13

Case No. 08-24392-svk

**Memorandum Decision and Order on Trustee's Objection to Confirmation**

      The issue here is a 401(k) loan payment deduction from the debtors' projected disposable income. The loan will be paid in full prior to the end of the Chapter 13 plan, and the Trustee contends that the balance of the loan should be pro-rated over the life of the plan, resulting in a lower deduction and more funds for the unsecured creditors.

## Facts

      Roger and Tammy Stascak (the "Debtors") filed this Chapter 13 case on April 28, 2008. Due to their income levels, they are "above-median" debtors under the parlance of the Bankruptcy Code. The Debtors filed a proposed Chapter 13 plan on the petition date and an amended plan (the "Plan") on July 3, 2008. The Plan is a 60-month plan under which unsecured creditors are slated to receive 51% on their claims. The Debtors are obligated on two 401(k) loans with a combined monthly payment of $421.48. The loan payments are deducted via bi-weekly payroll deductions from Mr. Stascak's wages. At that repayment level, the loans will be paid off 40 months into the Plan. For the final 20 months of the Plan, the Debtors propose to contribute the amount they had been paying on the 401(k) loans into their retirement accounts in addition to the $108.33 contribution they currently make, also by payroll deduction.

      The Trustee argues that the Plan fails to dedicate all of the Debtors' projected disposable income to the Plan because the 401(k) loans will be paid off prior to the completion of the Plan. Accordingly, the Plan violates Bankruptcy Code § 1325(b)(1) because it fails to dedicate all projected disposable income to the payment of unsecured creditors' claims. The Trustee's reading of § 1322(f) would allow the Debtors to deduct only the pro rata monthly amount owed on the 401(k) loans over the term of the Plan (the current monthly payment multiplied by 40 and then divided by 60).

      The Debtors point to § 707(b) of the Code which allows them to deduct current loan payments without looking toward events scheduled to occur in the future. They also argue that the Bankruptcy Code is explicit when it requires payments on debts to be prorated. The Debtors therefore seek to devote additional disposable income realized in months 41 to 60 to other purposes, such as retirement investments, rather than as a dividend to creditors under the Plan.

## Analysis

The Chapter 13 plan confirmation standards are found in § 1325, and § 1325(b)(1) provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). Since unsecured creditors are not being paid in full, the question is whether is the Debtors are providing all projected disposable income to unsecured creditors under the plan. This Court, along with a growing list of others, has held that "projected disposable income" is a debtor's disposable income calculated on Form B22C, projected for the term of the Chapter 13 plan. *In re Spraggins*, 386 B.R. 221 (Bankr. E.D. Wis. 2008) (plain meaning analysis supports Congressional intent to use bright line test and remove court value judgments); *In re Guzman*, 345 B.R. 640 (Bankr. E.D. Wis. 2006) (income from Form B22C, rather than Schedules I and J, should be used to calculate projected disposable income); *Mancl v. Chatterton (In re Mancl)*, 381 B.R. 537, 541 (W.D. Wis. 2008) ("only reasonable interpretation of the phrase 'projected disposable income' is disposable income projected forward").

Under § 1325(b)(2), disposable income is calculated by first taking a debtor's current monthly income, defined by § 101(10A) of the Code, and then subtracting the appropriate monthly expenses. For a Chapter 13 debtor, § 1325(b)(3) requires that those expenses "shall be determined" under § 707(b). An above-median debtor is forced to use the IRS standards, rather than actual expenses for some categories and may deduct actual expenses for others, including payments on secured debts. *See, e.g., Guzman*, 345 B.R. at 643. However, 401(k) loans are given special treatment in the statutory scheme.

Section 1322(f) applies to 401(k) loans like those at issue here, and states: "A plan may not materially alter the terms of a loan described in § 362(b)(19) and any amounts required to repay such loan shall not constitute 'disposable income' under § 1325." Section 362(b)(19) provides that the collection and withholding of amounts solely for the repayment of a loan under § 401 of the Internal Revenue Code are not subject to the automatic stay of § 362. The Trustee and the Debtors have cited cases interpreting § 1322(f) revealing a split in authority on this issue.

Two early cases support the Debtors' view. Section 1322(f)'s prohibition against altering the terms of the loan led these courts to conclude that a debtor is allowed to deduct the current payment on a 401(k) loan, rather than a pro-rated amount. *See In re Wiggs*, 2006 WL 2246432

2

(Bankr. N.D. Ill. Aug. 4, 2006); *In re Haley*, 354 B.R. 340 (Bankr. D.N.H. 2006). In *Haley,* although the court allowed the deduction of the full loan payment amount, it noted that the Trustee or unsecured creditors could file a modified plan after the loan was paid off in order to recover the excess disposable income. Thus, while *Haley* technically supports the Debtors' position, the recognition that excess disposable income should be dedicated to creditors after the 401(k) loan was paid reinforces the Trustee's argument.

Moreover, more recent and more thoroughly reasoned decisions have rejected the premise of *Wiggs* and *Haley*, finding that the calculation of disposable income in no way changes the terms of the loan. *See, e.g.*, *Coop v. Lasowski* (*In re Lasowski)*, 384 B.R. 205 (B.A.P. 8th Cir. 2008); *In re Novak*, 379 B.R. 908 (Bankr. D. Neb. 2007). These courts point out that the disposable income calculation is a vehicle for determining the amount that must be dedicated to the payment of creditors' claims through a plan, but the loan is not changed by way of the calculation. *In re Novak*, 379 B.R. at 911 (means test calculation is simply a calculation to determine the amount to be repaid, not the terms of a plan). The *Novak* court shares this Court's interpretation of "projected disposable income," but nevertheless held that § 1322(f) stands on its own and is quite clear:

> Only the 'amounts required to repay' 401(k) loans are excluded from disposable income. If Debtor is allowed to deduct the full 401(k) loan payment for the entire 60-month applicable commitment period despite the fact that the 401(k) loan will be repaid in only 36 months, Debtor will be deducting much more than the amount required to repay such loan. Under Debtor's position, she should be entitled to deduct the entire 401(k) loan payment when calculating disposable income even if there were only one payment left before that 401(k) loan was paid in full. Clearly, that is an inequitable result. More importantly, it would allow a deduction of more than what is required to repay the loan as directed by § 1322(f). Prorating the loan payment amount over the applicable commitment period is the only way to ensure that the amount required to repay the loan (and only the amount required to repay the loan) will be excluded from the disposable income calculation.

*Id.*

The Eighth Circuit Bankruptcy Appellate Panel in *Lasowski* explained the mechanics of § 1322(f). *See* 384 B.R. at 209. Using Form B22C, the debtor's disposable income is projected for the 60-month commitment period without considering the 401(k) loan. Then the full amount required to repay the loan is subtracted to reach a floor of disposable income that must be dedicated to unsecured creditors under the Plan. Presumably, pro-rating the full amount of the loan over the 60-month commitment period and deducting that amount from the debtor's monthly income (as suggested by the Trustee here) would reach the same result.

## Conclusion

Since allowing the Debtors to deduct the $421.48 loan payment for the entire 60-month commitment period violates § 1322(f) by allowing them to deduct more than the amount required

3

to repay the 401(k) loan, the Debtors' Plan cannot be confirmed.  The Trustee's Objection to Confirmation is sustained, and the Debtors shall file a modified plan within 30 days or this case will be dismissed.

It is so Ordered.

Dated: October 3, 2008

By the Court:

Susan V. Kelley
U.S. Bankruptcy Judge

4